PATTERSON *et al. v.* WASHINGTON COUNTY *et al.*

(*Knoxville.* September Term, 1916.)

1. **PLEADING. Demurrer. Effect.**

In a suit to enjoin a tax assessment made by the county court,
an allegation of the complaint that the April term was the
regular time for making the annual workhouse levy, being
a question of fact to be proven and not a question of law,
was admitted by demurrer, and the defendants were bound
thereby. (*Post, pp.* 64, 65.)

Acts cited and construed: Acts 1915, ch. 577.

2 **HIGHWAYS. Taxes. Levy. Statute.**

Under Priv. Acts 1915, chapter 577, authorizing the county court
of Washington county to levy a special tax for the purpose
of grading and macadamizing public roads of the county, but
providing that said levy shall not be made until after an
election under the laws of the State, authorizing the levy
by a majority of the qualified voters voting, but providing
that the said court may make said levy if the election is not
held before the next regular time before making the annual
workhouse levy, where an election was advertised in Decem-
ber, the next regular time for making the annual workhouse
levy being the April term, the county court was without
authority to make the levy at the January term. (*Post, pp.*
64, 65.)

3. **HIGHWAYS. Taxes. Constitutional provisions. Legislative
authority.**

Priv. Acts 1915, chapter 577, is authorized by Const. art. 2, sec-
tion 29, providing that the general assembly shall have power
to authorize the several counties and incorporated town of
this State to impose taxes for county and corporation pur-
poses, respectively, in such manner as shall be prescribed by
law, and all property shall be taxed according to this value,
upon the principles established in regard to State taxation.
(*Post, pp.* 65, 66.)

Patterson v. Washington County.

Acts cited and construed:    Acts 1915, ch. 577.

Case cited and approved:    Wright v. Cunningham, 115 Tenn., 445.

Constitution cited and construed:    Art. 2, sec. 29.

4. **CONSTITUTIONAL LAW. Constitutional provisions. Rules of construction.**

Constitutions must be construed as a whole, and no part should be given a construction which is repugnant to express authority contained in another part.    (*Post, pp.* 65, 66.)

5. **HIGHWAYS. Taxes. Loan of credit. Constitutional provisions.**

Const. art. 2, section 29, forbidding counties, cities, etc., from lending credit to any person, company, etc., except after an election held by the qualified voters, and the assent of three-fourths of the votes cast, has no application to Priv. Acts 1915, Chapter 577, which provides for local taxation for corporation purposes and not for the lending of credit to a private enterprise.    (*Post, pp.* 66, 67.)

6. **HIGHWAYS. Statutes. Construction. Repugnancy.**

A second proviso of Priv. Acts 1915, chapter 577, authorizing the county court to make a levy in event the election is not held before the next regular time of making the annual workhouse levy, is not repugnant to the preceding provision of the statute, providing that the levy under the act cannot be made until an election shall have been held and the levy authorized by a majority vote of the qualified voters voting, where it appears that the regular time for making the annual workhouse levy was at the April term of the county court. (*Post, pp.* 67, 68.)

7. **HIGHWAYS. Taxes. Election. Attempt to defeat election.**

In an action to enjoin the assessment of a county tax, where the demurrer to the complaint admits that certain members of the county court, and its officers and friends, sought to defeat the calling of an election under Priv. Acts 1915, chapter

577, and, failing in that, acted before the election could be held, the county court is not in a position to predicate any right upon an election not having been held. (*Post, p.* 68.)

FROM WASHINGTON.

Appeal from the Chancery Court of Washington County.—HAL H. HAYNES, Chancellor.

EPPS & YOUNG, SUSONG & BIDDLE and DIVINE & GUINN, for appellants.

HARR & BURROW, A. R. JOHNSON and LEE F. MILLER, for appellee.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

The bill in this case was filed by complainants as citizens and taxpayers of Washington county, for the purpose of enjoining an assessment of 75 cents on the $100 worth of taxable property, levied by the county court in that county for road purposes.

The bill was demurred to, assigning thirty odd grounds of demurrer. The chancellor overruled the demurrer, and in his discretion allowed an appeal to this court. He considered only two questions which he deemed conclusive of the entire case: and, as we agree with him upon those points, we will confine our decision to them. The matters in controversy arose in this wise:

The legislature, by chapter 577, Private Acts 1915, provided:

"That the county court of Washington county shall levy a special tax not exceeding $1.00 on every one hundred dollars of taxable property in said county for the purpose of grading and macadamizing the public roads in said county, but in no event shall said levy be made by said county court, until an election shall have been held, under the laws of the State of Tennessee, in said Washington county, and said levy by the county court of said county shall have been authorized by a majority vote of the qualified voters of said county, voting at said election, the said election to be held by the election commissioners of Washington county, upon notice, and observance of the requirements applicable to general elections: Provided further, however, that nothing in this act shall be construed to impair the validity of the workhouse levy heretofore imposed by the county court of Washington county at the April Term, 1915; as the provisions of this amendment are not intended to apply to this levy; and provided further, that said court may make said levy in the event the election is not held before the next regular time for making the annual workhouse levy."

The election commissioners, as commanded by the foregoing act, advertised an election to be held in accordance with its provisions on the 25th of March, 1916. Pending this advertisement, and before an election was held, the county court met at its regular

January term and made the levy complained of. At the same session of the legislature an act was passed, authorizing Washington county to submit to the voters of the county the question of issuing bonds for grading and macadamizing the public roads of the county in the sum of $425,000. An election was held under the provisions of this act on December 18, 1915, and the bonds were rejected. Certain members of the county court, its officers and friends, used their influence with the election commissioners to prevent the calling of an election on the question of tax levy after the bond proposition last referred to was voted down. The election called for March 25, 1916, was held, and the proposition to levy the taxes referred to in the act of the legislature was rejected.

The bill charges that the regular time for making the annual workhouse levy was at the April term of the county court and that this term had been so established by a course of conduct by the county court for eight or ten years and it was referred to by the legislature as the next "regular" time for making the annual workhouse levy.

As the case is before us upon the bill and demurrer, the allegations of the bill that the county court, by a course of conduct, had established the April term as the regular time for making the annual workhouse levy, is admitted as true, and as this is a fact to be proven and not a question of law to be decided, the defendants are bound thereby. This being established by the bill and demurrer, it follows as a

consequence that the county court was without authority to make the levy at the January term. In addition, the allegations of the bill show that the county court so understood the matter. It is said that members of that court, is officers and friends, sought to prevent an election being held under the terms of the act. This election was advertised in December before the levy was made.

We think the legislative enactment, under which the county court was acting, is valid. This statute does not fall under the clause of the constitution considered in *Wright* v. *Cunningham,* 115 Tenn., 445, 91 S. W., 293. It is governed by article 2, section 29, which provides that:

"The general assembly shall have power to authorize the several counties and incorporated towns in this state, to impose taxes for county and corporation purposes respectively, in such manner as shall be prescribed by law; and all property shall be taxed according to its value, upon the principles established in regard to state taxation."

The foregoing is direct authority to the legislature to authorize the counties and incorporated town of this state to impose taxes for roads and other county and corporation purposes in "such manner as shall be prescribed by law." The law under consideration prescribes that an election shall be held in the county under the election laws of the state before the county court shall have power to make the levy. This condition is certainly not obnoxious to the clause of the

136 Tenn.—5

constitution under consideration, and, not being so, it could not be obnoxious to any other clause of the constitution. Constitutions must be construed as a whole, and no part should be given a construction which is repugnant to expressed authority contained in another part. The framers of that instrument evidently deemed that in matters of local taxation for county and corporation purposes, it would be wise for the legislature to have a broad discretion in the manner in which it authorized the several counties and incorporated towns to levy them.

The wisdom of this is well illustrated by the case under consideration. It is shown that the people and taxpayers of Washington county have definitely declined to tax themselves for the purpose of grading and macadamizing its roads, nevertheless the county court saw proper to levy a road tax of 75 cents on the $100 of taxable value in spite of the expressed popular will. It is not a question here, and was not with the county court, of the expediency of building, or the value, of good roads. Under our constitution the legislature had power and did authorize the county to impose the taxes only upon ascertainment of the popular will.

We do not think that the subsequent clause in the constitution, forbidding counties, cities, or towns from lending their credit to any person, company, association, or corporation, except upon an election to be first held by the qualified voters of such county, city, or town, and the assent of three-fourths of the votes

cast at said election, has any application to the question under consideration. This is a question of local taxation for corporation purposes. The clause last referred to inhibits the lending of credit to a private enterprise except upon an election to be held under its provisions. The two questions are not analogous.

It is next said that what is called the second *proviso* of the act under consideration is repugnant to the first *proviso* and renders it void. What is meant is that the levy, under the act, cannot be made until an election shall have been held and the levy authorized by a majority vote of the qualified voters of the county voting at the election. Still the same act authorizes the county court to make the levy in the event the election is not held before "the next regular time for making the annual workhouse levy." As previously stated, the bill charges that the regular time for making the annual workhouse levy, established by the county court through a course of action for eight or ten years, was at the April term. We should construe the act so as to permit all of its terms to stand, if possible. When considered in the light of the fact just stated, as charged in the bill, there is no real repugnance in the two *provisos*. The first *proviso* is that the county court shall not make the levy until the election provided for is held, unless such election is not held before the April term of that court, and in that event, it may make the levy. We think the act can be given this construction, and it is our duty to do so where it can be reasonably rec-

onciled with its own terms and the legislative will given effect.

In addition to what has just been said the county court is not in a position to predicate any right upon an election not having been held. The bill charges that certain members of that court, and its officers and friends, sought to defeat the calling of an election, and, failing in that, it made the levy at its January term, before an election could be held. It certainly would not be just to say that the county court could either defeat an election or act in advance of an election and then predicate a right upon the fact that the election had not been held before it acted. So we are of the opinion that as the case comes to us, the legislative enactment called in question is valid, and was properly construed by the chancellor. We also think that under the bill and demurrer, the regular term for making the workhouse levy referred to in the act of the legislature was at the April term, and that the levy made by the county court at the preceding January term was premature and void. It results that the decree of the chancellor is affirmed, with costs.