ERNEST S. BELL v. LILLIAN HART.

(*Nashville.*   December Term, 1920.)

STATUTES.   Act removing disabilities of coverture, and exempting
married woman's homestead, held not to contain two subjects.

Public Acts 1919, chapter 126, providing, in section 1, that all the
common-law disabilities of married women are removed, and, in
section 4, that a married woman's homestead shall be exempt
from execution to her and shall inure at her death to the benefit
of her minor children, *held* not to contain two subjects, in viola-
tion of Constitution, article 2, section 17.

Acts cited and construed: Acts 1919, ch. 126.

Cases cited and approved: State v. Lasater, 68 Tenn., 584; State ex
rel. Morrell v. Fickle, 71 Tenn., 79; Powers v. McKenzie, 90
Tenn., 178; State v. Brown, 103 Tenn., 449; Railroad v. Byrne,
119 Tenn., 278; Kizer v. State, 140 Tenn., 582.

Case cited and distinguished: Garvin v. State, 81 Tenn., 162.

Constitution cited and construed: Sec. 17, art. 2.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.
—HON. F. H. HEISKELL, Chancellor.

E. GATES, for appellant.

W. C. DEWEY and A. B. KNIPMEYER, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

The validity of chapter 126 of the Acts of 1919 is attacked in this case on the ground that the act contains two subjects in violation of section 17 of article 2 of the Constitution.

The title of the act is:

"An act to remove disabilities of coverture from married women, and to extend to them the statutes of limitation and to exempt to them a homestead."

Without undertaking to quote the entire statute, it may be said that by section 1, all the common-law disabilities of married women are removed, and by section 4 it is provided that a homestead of real estate in the possession of a married woman shall be exempt from execution to her, and shall inure at her death to the benefit of her minor children. Other sections of the statute are not material to this investigation.

It is urged that the act undertakes to legislate respecting married women and also respecting homestead, and it is said that these are distinct subjects in the law, and therefore the attempted legislation is upon distinct subjects in contravention of the section of the Constitution above mentioned.

We do not think this act can be successfully impeached on this theory.

The two-subject clause of the Constitution was intended to prevent a combination in the same act of laws upon wholly different subjects; to avoid the union of incongruous matters in one statute; to secure unity of purpose in legislative enactments. *State* v. *Lasater*, 68 Tenn. (9 Baxt.), 594; *State ex rel. Morrell* v. *Fickle*, 71 Tenn. (3

Bell v. Hart.

Lea), 79; *Garvin* v. *State,* 81 Tenn. (13 Lea), 162; *Powers* v. *McKenzie,* 90 Tenn., 178, 16 S. W., 559; *State* v. *Brown,* 103 Tenn., 449, 53 S. W., 727; *Railroad* v. *Byrne,* 119 Tenn., 278, 104 S. W., 460; *Kizer* v. *State,* 140 Tenn., 582, 205 S. W., 423.

In these cases and others, statutes have been upheld which upon first inspection appear to have attempted legislation in regard to different matters. Such matters at least were separately mentioned, both in caption and body. An examination of the several statutes, however, disclosed that the matters included in each were related, and that the general purpose of each statute was expressed in its title. It made no difference if such general purpose was expressed in a compound sentence in the caption.

For example, in *State ex rel. Morrell* v. *Fickle, supra,* the title of the act under investigation was, "an act to establish a chancery and law court at Bristol in the county of Sullivan." The body of the act then provided for the organization of a chancery court at Bristol, and defined its jurisdiction and also provided for a law court at Bristol and defined its jurisdiction. It was insisted that this act contained two subjects. The court, however, said that a proper construction of the act would be "to hold that the general subject is the establishment of such additional courts for Sullivan county as, in the opinion of the legislature, the public exigencies demanded," and that the act contained nothing foreign to this general subject.

In *Garrin* v. *State, supra,* the title of the act was:

"An act to punish as felons all parties who may engage

in the keeping or conducting of halls or houses for the conduct of games of keno, faro, three card monte and mustang, etc."

In the body of the act it was forbidden to keep a hall or house for aiding or assisting in the playing "of any game of keno, faro, three card monte, mustang, red and black, high ball, roulette, twenty-one and hazard." Here was a statute which mentioned in the caption four distinct games and in the body mentioned these four and five others. The court held that the five games not mentioned in the caption fell under "etc.," and that the general purpose of the act was to prohibit the keeping of gaming houses; that this purpose sufficiently appeared in the title; and that there was no incongruity.

In this manner the court analyzed the various statutes before it in the other cases cited. When upon analysis of the entire statute its real object and purpose was discovered, the court then looked to the title to ascertain if such object and purpose was fairly indicated there.

We think the case before us is governed by the foregoing authorities.

The object of the statute now under fire was to enlarge the property rights of married women. We think there is nothing foreign to this purpose to be found in the law, and such purpose is fairly foreshadowed in the title.

For the reasons stated, we are of opinion that the act is constitutional. The chancellor so held, and his decree will be affirmed.