Dodd *et al. v.* Roane County *et al.*

(*Knoxville,* September Term, 1938.)

Opinion filed February 18, 1939.

J. RALPH TEDDER, of Rockwood, for complainants.

CASSELL & LADD, of Harriman, for defendants.

MR. SPECIAL JUSTICE EDWARD J. SMITH delivered the opinion of the Court.

The appellants, who are taxpayers of Roane County, filed the bill against the county, its county judge, and county court clerk, to enjoin the sale of $10,000 of Roane County bonds designated Hospital Bonds, and to enjoin the collection of the tax for the payment of the principal and interest on said bonds as provided by resolutions adopted by the county court on July 5 and August 30, 1938.

After a hearing on the bill, the answers with exhibits thereto, and a stipulation of facts, the chancellor dismissed the bill and from his decree the appellants have appealed to this court, and here have filed seven assignments of error.

Acting pursuant to the authority conferred by Chapter 10 of the Public Acts of the Extraordinary Session of 1935, the city of Harriman applied to the Public Works Administration for a grant of $27,000 for the purpose of assisting in the construction of a hospital, the estimated cost of which was $60,000, to be located in Harriman, and when constructed to be used for the benefit of the residents of Harriman and Roane County.

In this application it was stated that $13,000 was to be raised by private subscriptions from the citizens of Harriman, which has been done, and the money placed in the First National Bank at Harriman; Harriman was to raise $10,000 by the issuance of its bonds, which bonds

have been voted by the city council, and will be sold; and the county court of Roane County would authorize a county bond issue of $10,000, which has been done.

The Public Works Administration accepted the proposition of Harriman, and has given it notice that a grant of $27,000 has been made for aiding in the construction of the hospital, provided the title to the site will be vested in Harriman.

Acting pursuant to authority conferred by Chapter 11, Public Acts of the Extraordinary Session of 1935, on July 5, 1938, the county court adopted the following resolutions:

"Initial Resolution for Issuance of Bonds, Resolution No: ———.

"Whereas, the County of Roane desires to cooperate with the City of Harriman, the United States Government, and citizens of Harriman, in the construction of a hospital in Harriman, Tennessee, including the equipment and furnishings thereto, and

"Whereas, said project will be of a great benefit to Roane County, Tennessee, and

"Whereas, it will be necessary for the County of Roane to issue bonds to provide funds for its contribution to the cost of said project;

"Now, therefore, be it resolved by the Quarterly County Court of Roane County, Tennessee, in regular session as follows:

"1. That the County of Roane will and does hereby authorize the issuance and sale of bonds in a sum not to exceed Ten thousand ($10,000.00) Dollars;

"2. That said bonds shall be used for the purpose of raising funds to assist in the construction of a hospital,

including equipment and furnishings in the City of Harriman, Tennessee.

"3. That said bonds shall bear interest at a rate to be determined, same not to exceed 5% per annum.

"4. Said bonds shall be payable exclusively from taxes.

"5. No bonds shall be issued under this resolution or any similar one unless a total amount of Sixty Thousand ($60,000.00) Dollars, including the Ten Thousand ($10,000.00) Dollars herein, has been subscribed, pledged or allocated by the City Council of Harriman, Roane County, Tennessee, the United States Government, or some subsidiary thereof, and by private subscription, it being the intention of the Quarterly County Court to make the issuance of the Ten Thousand ($10,000.00) Dollars herein provided for, expressly contingent upon the total sum of $60,000.00, being provided or promised from responsible sources.

"6. That this resolution take effect after and from its passage, the public welfare requiring it.

" '*Notice*: The foregoing resolution has been adopted. Unless within Ten (10) days from the date of the publication hereof, a petition signed by at least five percent of the qualified electors of the municipality shall have been filed with the County Court Clerk protesting the issuance of the bonds, such bonds will be issued as proposed.' "

The second resolution, adopted on July 5, 1938, reads as follows:

"Resolution on 2 cent levy for Harriman Hospital.

"Motion by Justice A. H. STEGALL and seconded by Justice M. C. PARKER, that a two cent levy be made and set aside for the retirement of the $10,000 bond issue for the Harriman Hospital."

On August 30, 1938, the county court adopted the following resolution:

"Hospital Bond Resolution.

"Whereas, it is necessary to provide funds in the amount of $10,000 to be used in the construction and equipment of a hospital building to be located in the City of Harriman, Tennessee, therefore, be it resolved by the County Court of Roane County, Tennessee:

"That there is hereby authorized and directed to be issued and sold $10,000 of bonds of Roane County, Tennessee, to be designated Hospital Bonds, for the purpose of providing funds to be used in the construction and equipment of a hospital building to be located in Roane County, Tennessee."

The remainder of this resolution fixes the amount of the bond issue, the denomination of the bonds, the interest rate, the maturity of the bonds, and sets forth a bond form.

On August 30, 1938, the county court adopted another resolution, which is as follows:

"Be it further resolved by the County Court, that a levy of two percent on the $100 of all taxable property be made for the purpose of paying interest and principal of the above bond issue known as the Harriman Hospital Bonds, and that the funds arising from said levy are hereby set aside, and shall not be used for any other purpose."

On July 15, 1938, the city council of Harriman passed an ordinance creating the Harriman Hospital Association, consisting of seven members, to be elected by the city council, one member to be named by the county judge of Roane County, and elected by the city council.

It was declared legislative purpose in passing

Chapters 10 and 11, Public Acts of the Extraordinary Session of 1935, the short title of the first being "Public Works Act of 1935," and of the second "County Public Works Act of 1935," to authorize municipalities and counties of Tennessee to cooperate with Federal agencies in an effort to reduce unemployment, and to this end what are called "public work projects" were authorized to be constructed by municipalities and counties in cooperation with Federal agencies created by Congress to make loans or grants to attain the end above declared.

By Chapter 10, Section 2 (e), hospitals are listed under the term "public works projects."

By Section 3 (b) municipalities are authorized to operate and maintain any public works project for its own purposes, or for the benefit and use of its inhabitants.

By Chapter 11, section 2 (d), hospitals also are classified as public works projects, and by section 3 (b) it is provided that every county shall have power and is authorized to operate any public works project for its own purposes, or for the benefit and use of its inhabitants.

It will be observed that each of these Acts authorize the erection of hospitals as "public works projects."

It is conceded that Harriman, or Roane County, acting separately, would be authorized to erect, operate and maintain such a project.

It is contended that the resolution of the county court, adopted July 5, 1938, violates that part of Article 2, section 29, of the Constitution of Tennessee, which provides: "But the credit of no County, City or Town shall be given or loaned to or in aid of any person, company, association or corporation, except upon an election to be first held by the qualified voters of such

County, City, or Town, and the assent of three-fourths of the votes cast at said election.''

Counsel for appellants argues that under the provisions of the resolutions of the county court, the sale of the issue of $10,000 of bonds of the county would be a contribution or gift to Harriman because the title to the hospital would be vested solely in Harriman.

In support of this contention a line of cases, of which *Berry* v. *Shelby County,* 139 Tenn., 532, 201 S. W., 748, is typical, are cited.

An examination of these cases discloses that each of them involves the validity of statutes providing for a loan of the credit of a county or city to a private corporation.

No such question is presented here.

As has been pointed out, the proceeds derived from the sale of the county hospital bond issue are to be used jointly with the proceeds of a bond issue of Harriman of the same amount, a $27,000 Public Works Administration grant, and $13,000 subscribed by individuals, to erect, maintain, and operate a hospital in Harriman for the use and benefit of its residents, as well as the residents of the county.

It is settled law that such an enterprise or undertaking does not violate that part of Article 2, section 29, of the Constitution of Tennessee, on which the appellants rely. *Ransom* v. *Rutherford County,* 123 Tenn., 1, 130 S. W., 1057, Ann. Cas., 1912B, 1356; *Hill* v. *Roberts,* 142 Tenn., 215, 217 S. W., 826; *Malone* v. *Peay,* 159 Tenn., 321, 17 S. W. (2d), 901; *State ex rel.* v. *Oliver,* 162 Tenn., 100, 35 S. W. (2d), 396.

It is further contended that the part of the resolution adopted on August 30, 1938, directing the pro-

ceeds of the sale of the bonds to be delivered to the Harriman Hospital Commission, is illegal because section 4 of Chapter 11 provides that the proceeds of the sale of such bonds, and all moneys received from any Federal agency shall be paid to the trustee of the county.

In the decree of the court below it is provided that the proceeds of the sale of these bonds shall be paid to the trustee of Roane County and disbursed as ordered by the county court.

Section 5, describing what it termed the "Initial Resolution for Issuance of Bonds," among other things, provides that such resolution shall be published in full once in the newspaper, published in the county, or if there be no such newspaper, such Resolution shall be posted in five conspicuous places in such county, or portion thereof, as the case may be, and further that there shall be published or posted, as the case may be, with the Initial Resolution, a notice substantially in the following form:

"Notice.

"The foregoing Resolution has been adopted. Unless within ten (10) days from the date of the publication (or the posting as the case may be) hereof a petition signed by at least five percent of the qualified electors of the county (or the portion thereof as the case may be) shall have been filed with the Clerk protesting the issuance of the bonds, such bonds will be issued as proposed."

The resolution of the county court adopted on July 5, 1938, was published in the Roane County Banner of Kingston on July 7, 1938, and was subscribed by Elmer E. Eblen, County Judge.

It is insisted that as the word "municipality" was inserted instead of the word "county" there was such a

material noncompliance with section 5 as to invalidate the resolution adopted by the county court on July 5, 1938.

The record includes an affidavit of the county court clerk of Roane County, made on July 25, 1938, to the effect that no protest had been filed in his office against the issuance of the bonds.

It is therefore extremely improbable that had the word "county" been inserted in the notice five percent of the qualified voters of Roane County would have filed protests against the bond issue.

Furthermore, by section 2 (a) of Chapter 30, Public Acts of the Extraordinary Session of 1935, it is provided:

"The term municipality means an incorporated city or town, county or special taxing district of this State."

The use of the word "municipality" instead of "county" in the notice was, therefore, a mere verbal inadvertence, and indeed under the definition of "municipality" above quoted such word had the same meaning as the word "county."

 It is insisted that Chapters 10 and 11 do not authorize municipal or county public works projects to be constructed, and financed, jointly by a municipality and county, and consequently the consummation of the hospital plan as set forth in the resolution of the county court, adopted on July 5, 1938, is illegal and void.

For the reasons heretofore stated, it is the opinion of the court that this contention cannot be sustained, and that the resolutions adopted by the county court on July 5 and August 30, 1938, are valid and legal.

 As to the contention that if the hospital is erected, Roane County will have no voice in its operation and maintenance, attention has been called to the fact that

on July 15, 1938, an ordinance, passed by the city council of Harriman, recognized the authority of Roane County to participate in the operation and maintenance of the hospital, and it further appears that the county judge has nominated, and the city council has elected, Dr. G. E. Wilson, as a member of the Harriman Hospital Commission, and that for sometime he has been acting in such capacity.

While there is nothing in the bill, or assignments of error, raising the question, it was stated in the argument at the bar by counsel for appellants that an added reason why the resolution of the county court should be declared illegal was that there was no guaranty that residents of Roane County dwelling beyond the corporate limits of Harriman would be entitled as a matter of right, and not merely of grace, on the part of Harriman, to avail themselves of the facilities of the hospital.

The acceptance and application by the Harriman Hospital Association of the proceeds of the sale of the $10,-000 bond issue certainly would estop it from adopting such a policy of exclusion.

The foregoing discussion disposes of the contentions and grounds of attack alleged in the bill.

As the court is of the opinion that the assignments are without merit, the decree of the chancellor is affirmed, at the cost of the appellants, and the cause is remanded to the court below for the execution of the order of reference as directed in the decree of the chancellor.