CARTER *v.* BEELER *et al.*

(*Knoxville*, September Term, 1948.)

Opinion filed March 11, 1949.

HARDWICK STUART, of Cleveland, for appellant.

CHAS. S. MAYFIELD, JR. of Cleveland, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The validity of Chapter 846 of the Private Acts of 1947 is attacked in this case, (1) on the ground that the Act contains two subjects in violation of Section 17, of Article 2, of the Constitution; (2) that the Act violates Article 2, Section 29 of the Constitution in that it levies a tax for the payment of bonds and interest thereon which will not be for a County purpose, and that there was not a referendum to the qualified voters which received the assent of three-fourths of the votes cast; and (3) that said act suspends the general law contrary to the provision of Article 11, Section 8, of the Constitution of Tennessee.

The caption of the Act is:

"An Act to authorize Bradley County, Tennessee, through its Quarterly County Court, upon the approval of a majority of the qualified voters of said County, to issue not to exceed Four Hundred Thousand ($400,000.00) Dollars Coupon Bonds for the purpose of acquiring a necessary site for location for a hospital to be erected in or near Cleveland, Tennessee, to provide for equipping said building; to provide for a Board of Five Directors, who will have charge of the construction and supervision of the hospital after its construction, and to provide the manner and means of election of said Hospital Directors; and providing for a tax levy to retire said bonds with interest."

The body of the Act provides for a county hospital for Bradley County; for the issuance of bonds for the purpose of acquiring a necessary site for said hospital; for the erection thereof; for its equipment and for a Board who will have charge of the construction and supervision and government of said hospital.

■ It is argued that the Act embraces two subjects, (1) the issuance of bonds for the purpose of acquiring a necessary site or location for a hospital and (2) for the equipping of said building and that it does not provide for the erection of a hospital in the caption thereof. The Act does provide specifically, in Section 6 thereof, for the erection and construction etc., of the hospital. It is thus argued that since the caption is specific in the instances above mentioned, and the question of construction is not mentioned in the caption, that by reason of these specific designations, one must assume that the only purpose of the Act was to issue the bonds and acquire a site and not to construct a hospital. It is said one might assume that the construction of the hospital would be done or borne by a separate agency.

We cannot agree with this theory and contention.

■ ''The two-subject clause of the Constitution was intended to prevent a combination in the same act of laws upon wholly different subjects; to avoid the union of incongruous matters in one statute; to secure unity of purpose in Legislative enactments.'' (Citing authorities) *Bell* v. *Hart,* 143 Tenn. 587, 223 S. W. 996.

■ ■ In *Davis* v. *Hailey,* 143 Tenn. 247, 252, 227 S. W. 1021, 1022, the late Chief Justice Green who delivered the opinion for the Court in the case last above quoted from said:

''So far as section 17, article 2, is concerned, if the various provisions of an act are directed toward a common purpose, and that purpose is expressed in the title, it would make no difference if the several provisions of the act involved all powers of the Legislature. This section of the Constitution regulates the syntax of statutes. It imposes no restriction upon the powers exerted,

nor upon the commingling of such powers, so long as the provisions of the statute are not incongruous and are germane to the subject expressed in the caption.''

The one purpose of the act under attack is a County hospital for Bradley County. Accomplishment of such a single purpose necessarily requires that bonds be issued, a site acquired, the building constructed and equipped for the purpose of a county hospital. One reading this Act can get from it only such a single purpose.

■ ''Plurality of the title is not an objection when the several plural provisions deal with, and by necessary construction are but, constituent parts of one subject.'' *Kizer* v. *State,* 140 Tenn. 582, 589, 205 S. W. 423, 425.

■ In the instant case the one subject is a county hospital. The two or more purposes indicated relate to different parts of that one subject—a county hospital. In the *Kizer Case, supra,* the point we are attempting to make is thus aptly stated:

''The unity of the subject is to be looked for in the ultimate object of the statute; it cannot with reason be held that each step towards the accomplishment of an end or object should be embodied in a separate act, and so long as the steps are of the same general nature and legitimately parts of one system, end, or object, the act is constitutional.''

The Act in question is bottomed on Public Acts of 1945, Chapter 184 which is carried in Williams Code as Section 4406.127 to 4406.147. The title to this Act is: ''An Act authorizing counties of this State to construct, acquire, improve, extend, operate and maintain public works, undertakings and projects; prescribing the mode of procedure for and regulating the issuance and sale

334

of bonds and other obligations to finance such works,'' etc.

By express provisions of this Act, as carried in Williams' Code 4406.128 under Subsection (d) thereof, ''hospitals'' are included under the term ''public works project.'' This Act, last above referred to, is the general law of the State of Tennessee on the subject.

█ It is argued: ''The ends sought to be served by the Acts in question, no matter how laudable, are not public but restricted to considerably negligible ratio of the general public whose personal health may from time to time require hospitalization, without regard to whether the disease of the patient be communicable and without regard to whether or not the patient is financially capable of obtaining hospitalization on his own account unsubsidized by application of public funds to the costs thereof.''

We cannot assent to this argument because under the general law hospitals are part of public works and are authorized by a county. A county thus erecting, maintaining and operating a hospital in Bradley County is doing so for the use and benefit of its residents. This Court in many cases has held that in so doing the hospital was being operated for a public purpose.

''It is settled law that such an enterprise or undertaking does not violate that part of Article 2, Section 29, of the Constitution of Tennessee, on which the appellants rely.'' *Dodd* v. *Roane County*, 174 Tenn. 267, 268, 124 S. W. (2d) 953, 955. (Citing authorities.)

█ It is further said that three-fourths of the electorate of Bradley County did not vote in favor of this issue and therefore under the Constitutional provision, last above referred to, this special or private act must

fail. This is incorrect because where the act is passed for a public purpose as for erecting a hospital for the county it is for the county purposes and under such situations the provision of the Constitution, referring to three-fourths of the electorate voting in favor thereof, is not applicable. This provision of the Constitution applies to situations where the credit of a county or city is to a private corporation or individual and for purposes that are not county purposes. *Berry* v. *Shelby County*, 139 Tenn. 532, 201 S. W. 748; *Patterson* v. *Washington County*, 136 Tenn. 60, 188 S. W. 613.

■ It is next argued that the Act in question contravenes Article 11, Section 8 of the Constitution in that it suspends the general law of the land in favor of a few people in Bradley County.

This Court very recently had this identical question raised to Acts of the Legislature in reference to the building of a hospital for the Town of Crossville and Cumberland County. In answer to the objection this Court speaking through the Chief Justice said:

"We find no merit in the contention that these validating Acts suspend the general law. The said Acts contain no provision repealing any provision of the general law; nor do they confer special benefits not enjoyed by other counties which may desire hospital facilities under the Public Works Project statute." *Stone* v. *Town of Crossville*, 187 Tenn. 19, 212 S. W. (2d) 678, 681. This statement answers the present objection.

Under the general law, Williams' Code Section 4406.142, the construction of hospitals is "declared to be a county-wide purpose and no bonds therefor shall be issued under this act payable otherwise than from taxes

to be levied upon all taxable property within the entire county."

In the absence of constitutional inhibition, none exists in Tennessee, the Legislature may incorporate boards of citizens to act in capacities as the hospital board is designated to act by the Act herein. This is a very common custom and practice in this country, that is, creating, by statutory enactment, such boards as this and others of similar import. These boards thus created, by statutory enactment, become public officers and upon them are imposed public duties and responsibilities. An office or board thus created by the Legislature is wholly within the power of that body, and it may prescribe the mode in filling the office and the powers and duties of the incumbent of the office as it sees fit and it may abolish the office likewise. In thus creating this board, and providing for the elections of successors to those appointed in the Act, the Legislature has in no way done anything to contravene the general law of the State.

Lastly it is contended that the resolution of the county court, at a called session, authorizing and directing steps toward the immediate issuance and sale of the bonds, as provided for in this Act, is *ultra vires* and void because the resolution provides that the county judge shall sign these bonds along with the chairman of the hospital board, while the Act in question designates the chairman of the county court to sign these bonds along with the chairman of the hospital board. We have to some extent answered this question in the preceding paragraph. The final answer to the question though is contained in Code Section 764 wherein it is provided that "the county judge, in those counties in which such officer is elected, presides over the county court, and performs

all the duties of the chairman of the county court." It is therefore obvious that the county judge of Bradley County does and acts as a county chairman would.

██ ██ In arriving at the above conclusion we have done so mindful that the Legislature is presumed to have passed a Constitutional Act and not an invalid Act. We have also had in mind the rule that we must give the Act in its entirety a liberal, not a strained, construction, and, that the laws, good and bad, are subject to the same test. CANNON v. MATHES, 55 Tenn. 504, 519.

We are of the opinion that the decree of the Chancellor sustaining this Act as a valid Act was correct, and it will be affirmed.

All concur.