FARRIS *v.* McNew *et al.*

(*Knoxville,* September Term, 1953.)

Opinion filed December 11, 1953.

STACY J. GRAYSON, of Bristol, for plaintiff.

CURTIN & HAYNES, of Bristol, for defendants.

654

Mr. Justice Prewitt delivered the opinion of the Court.

This is a controversy over a real estate commission resulting in a verdict for the plaintiff and judgment thereon. On appeal in error, this judgment was reversed and the suit dismissed. A petition for certiorari has been granted and the case argued at the bar of this Court.

One of the defenses interposed in the lower court was that the plaintiff had not complied with Chapter 258, Public Acts of 1951 and therefore should be repelled by the Court.

This Act is applicable to counties having a population of 50,000 or over and establishes the Tennessee Real Estate Commission and defines its powers and duties. It was passed March 16, 1951 and became effective July 1, 1951. The Act provides that it shall be unlawful for any person to act as a real estate broker or salesman without first obtaining a license issued by the Commission following an examination of the applicant to determine his qualifications; that if the applicant passes the examination, the Commission shall issue a license authorizing the applicant to act as such agent, etc. The Act also provides that each application for a broker's license should be accompanied by a fee of $25 and each

application for salesman license by a fee of $15; provided, however, that any person who at the effective date of the Act had a license to engage in and was lawfully engaged in the business as a real estate broker or real estate salesman should not be required to take or pass the examination but should be entitled to receive a license from the Commission on proper application therefor and the payment of a fee of $10.

The transaction in question was begun after July 1, 1951 and completed August 23, 1952.

Plaintiffs had paid the privilege tax as real estate dealers and made the bond required by the Revenue Act of 1937 and had been duly issued a license authorizing them to do business as real estate dealers. This license was issued on September 5, 1951 and expired January 31, 1952. The proof shows that at the time of the present transaction, they had not complied with Chapter 258, Acts of 1951. They had neither applied for nor obtained a license from the Tennessee Real Estate Commission, nor had they paid the fee required by the Act. The plaintiffs contend that the Public Acts were not published at the time the transaction took place and were not available to the public until September 17, 1951 and that the Real Estate Commission had sent out no notice of the Act. However, the Act contained no provision requiring the Commission to notify real estate dealers of the new regulation.

It is contended by the plaintiffs that prior to the action in question, they had paid a privilege tax required by the Revenue Act of 1937 and had been issued a license authorizing them to do business as real estate agents until January 31, 1952, and that the Legislature had no authority to take this right away from them by imposing the additional requirements prescribed in Chapter 258,

Acts of 1951. The plaintiffs further contend that upon learning of the requirements prescribed in Chapter 258, Acts of 1951, they did everything within their power to comply with Section 14 of Chapter 108 of the Acts of 1937.

This section is as follows:

"That no contract heretofore made, or hereafter made, by persons engaged in a business or occupation subject to a license or privilege tax, under this or any other Act, shall be invalid or unenforceable in the Courts because of the failure of such person to have paid such license tax at the time such contract was made or was performed; provided, that such person shall prior to the date of adjudication in the Court of original jurisdiction pay double the tax due at the time the contract was made and in addition thereto the penalty prescribed by law."

It appears that after the transaction in question, the plaintiffs found out about said Act of 1951 and undertook to comply with its requirements and offered to pay the Tennessee Real Estate Commission the fee provided for in this statute, together with penalties which might be due. The Commission refused to accept the tender, taking the position that Section 14 of Chapter 108 of the Acts of 1937 had no application to the fees required to be paid under Chapter 258 of the Acts of 1951. The case of *McMillan* v. *City of Knoxville,* 139 Tenn. 319, 202 S. W. 65, involved the liability of McMillan for conducting the business of an immigrant agency without obtaining a license as required by a city ordinance, which under the authority of Chapter 70, Acts of 1917, made the conducting of the business of an immigrant agent a privilege and fixed the tax at $500 per annum. Before the passage of the ordinance, McMillan had paid the privilege tax prescribed for employment agencies in

Chapter 101 of the Acts of 1915. In 1917 another Act, Chapter 78 of the Acts of that year, providing for the regulation and supervision of ''employment agencies'' made it the duty of one engaged in that business to pay a fee and obtain a license from the state to be issued by the Department of Factory Inspection. The Act prescribed penalty for failure to comply with its provisions.

It was insisted by McMillan that the passage of this Act repealed by implication any other act or acts and that the license he held as operator of an employment agency protected him in doing the acts complained of which were done after the passage of the ordinance but before that license had expired.

We think that the McMillan case and *Davis* v. *Hailey*, 143 Tenn. 247, 227 S. W. 1021, uphold the right of the Legislature to require real estate brokers and agents to comply with the requirements of Chapter 258, Acts of 1951, notwithstanding that they may have paid the privilege tax levied by the Revenue Act of 1937.

However, the more serious question in this case is that the plaintiffs had already complied with the Revenue Act of 1937 by having its license and having passed the examination. While they did not know of the passage of Chapter 258, Acts of 1951, yet it occurs to us that the offering of the plaintiffs to comply with Section 14 of Chapter 108 of the Acts of 1937 above referred to should be held to be a compliance with the law; that is, when they discovered that Chapter 258 of the Acts of 1951 had been passed and that they were required to pay this additional fee, this they offered to do immediately and we do not think they should be penalized by being repelled from court under such circumstances.

It must be borne in mind that the saving section of the

Act of 1937 was not in force at the time of the decision in the case of *McMillan* v. *City of Knoxville,* supra.

It results that the judgment of the Court of Appeals must be reversed and judgment entered for the amount of the commission, plus interest from the date of the filing of the declaration.